In the Matter of the Accounting of CHARLES A. ROBERTSON et al., as Executors of FRANK HENDERSON, Deceased.

Surrogate's Court, Kings County, March 5, 1954.

PROCEEDING on accounting of executors.

*Allin, Riggs & Shaughnessy* for executors.

*William R. Wilson,* special guardian.

RUBENSTEIN, S. Each of two accounting executors claims he is entitled to a full separate commission. The special guardian objects.

For tax purposes the gross estate exceeded $127,000, of which about $30,000 represented insurance payable to named beneficiaries. The amounts now accounted for are shown as $97,-757.15 principal and $1,717.66 income, totaling $99,474.81. The executors claim that by reason of setting up trusts under the provisions of the will about one year after testator's death income received on the principal of the trusts received by them as trustees brings the total sums received by them in both capacities well over $100,000. They do not believe that their diligence in setting up the trusts so that the beneficiaries would be able to receive the income promptly and without the delay occasioned by administration caused principally by the tax proceedings, thereby producing income to be accounted for by them as trustees, should deprive them from a full commission for each of them.

Subdivision 8 of section 285 of the Surrogate's Court Act, insofar as pertinent, reads as follows: " If the gross value of the *principal* of the estate or fund accounted for amounts to one hundred thousand dollars or more, each executor * * * is entitled to the full compensation on principal and income allowed herein to a sole executor ". (Emphasis supplied.) The principal of the fund herein accounted for is less than $100,000.

Prior to the enactment of the statutes providing for the grant of compensation to fiduciaries, the court possessed no power to allow any compensation for services. Such compensation as may now be allowed is limited by the statute permitting compensation and pleas addressed to the conscience of the court for greater compensation may not be listened to. Income collected during the administration of the estate is not the principal which the statute requires shall be the basis for the award of full compensation to each executor if the gross value of the principal of

the estate accounted for amounts to $100,000 or more (*Matter of O'Flyn,* 120 N. Y. S. 2d 732; *Matter of Sears,* 176 Misc. 242; *Matter of Roney,* 148 Misc. 70). The objection of the special guardian is sustained. One full commission only is allowed to be divided between the two executors.